J-S45023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERNARD JOHNSON | : | |
| | : | |
| Appellant | : | No. 2071 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 24, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0009069-2019

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 5, 2023**

Appellant Bernard Johnson appeals from the August 24, 2021 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following his *nolo contendere* plea to aggravated assault and terroristic threats.[1]  Upon review, we affirm.

The facts and procedural history of this case are uncontested.  Briefly, in connection with a domestic dispute, Appellant on March 9, 2021, entered a plea of *nolo contendere* to the foregoing crimes.  On August 24, 2021, the trial court sentenced Appellant to an aggregate term of three to six years' incarceration, followed by five years of probation.  Appellant moved for post-sentence relief, which the trial court denied on September 28, 2021.  Thereafter, Appellant timely appealed.  The trial court directed Appellant to

_____

[1] 18 Pa.C.S.A. §§ 2702(a) and 2706(a)(1), respectively.

file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, challenging the discretionary aspects of his sentence. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[2] Appellant argues only that the trial court abused its discretion and violated the Sentencing Code "by sentencing [him] to a manifestly excessive sentence [of] 3 to 6 years where this sentence far surpassed what was required to protect the public and [failing to take into] account [A]ppellant's demonstration of remorse, his rehabilitative needs, mitigating circumstances, and the sentencing guidelines." Appellant's Brief at 4.

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa.

---

[2] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), **appeal denied**, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part **Moury** test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[3] We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

---

[3] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), ***appeal denied***, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), ***affirmed***, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]"

*Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, at the core, Appellant asserts in his Rule 2119(f) statement that his sentence is excessive because the court did not consider mitigating factors, such as his age, his health, his efforts towards rehabilitation, his community service, and his minor daughter's need for paternal care.[4]  Based on his 2119(f) statement, we conclude that Appellant has failed to raise a substantial question.

As noted, Appellant's excessiveness claim principally is premised on his argument that the trial court failed to consider his mitigating circumstances. In this regard, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *see also Commonwealth v. Berry*, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not

---

[4] To the extent Appellant challenges the discretionary aspects of his sentence based on the trial court's pretrial orders releasing him without bail and later vacating house arrest, the challenge is waived.  At no point did Appellant raise this challenge before the trial court and he may not do so for the first time on appeal.  *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence). Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on inadequate consideration of mitigating factors.

Even if we were to find a substantial question, Appellant still would not be entitled to relief. First, Appellant's sentence of three to six years' imprisonment was below the guidelines. Second, it is well-settled that "[w]here[, as here,] the sentencing court had the benefit of a presentence investigation ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Moury*, 992 A.2d at 171. Indeed, our review of the sentencing transcript reveals that the trial court heard testimony and argument concerning Appellant's mitigating circumstances, especially his age, health issues and his minor daughter's needs, and considered the same in crafting his sentence. *See* N.T., Sentencing, 8/24/21, at 6, 9-13, 28-33. Accordingly, Appellant's sentencing claim based on insufficient consideration of mitigating factors lacks merit. The

trial court, therefore, did not abuse its discretion in sentencing Appellant to three to six years in prison.

Judgment of sentence affirmed.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/05/2023